# Ex. A

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07445-S5**
**10/14/2021 9:03 AM**
TIANA P. GARNER, CLERK

### General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of <u>GWINNETT</u> **County**

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** _____ <br> **MM-DD-YYYY** | **Case Number** <u>21-C-07445-S5</u> |

**Plaintiff(s)**
RAHIMI, NASIM

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
ACE AMERICAN INSURANCE COMPANY

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

ASHLEY HOLDINGS, INC.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

TUNKS, JARON

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** <u>MICHAEL GUMPRECHT</u>   **Bar Number** <u>903081</u>   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**          **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

Copy from re:SearchGA

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07445-S5**
**10/14/2021 9:03 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Nasim Rahimi**

PLAINTIFF

|  |  |
|---|---|
| CIVIL ACTION | 21-C-07445-S5 |
| NUMBER: | |

VS.

**Ace American Insurance Company,**

**Ashley Holdings, Inc., Jaron Tunks,**

**ABC Corp., XYZ Corp., and John Doe**

DEFENDANT

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**   ACE American Insurance Company

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Michael Gumprecht
125 Townpark Drive, Suite 300
Kennesaw, GA 30144

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _14th day of October, 2021_____, 20_____.

Tiana P. Garner
**Clerk of State Court**

By _____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

Copy from re:SearchGA

E-FILED IN OFFICE - R.
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07445-S5**
**10/14/2021 9:03 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

## Nasim Rahimi

PLAINTIFF

CIVIL ACTION 21-C-07445-S5
NUMBER:_____

VS.

**Ace American Insurance Company,**

**Ashley Holdings, Inc., Jaron Tunks,**

**ABC Corp., XYZ Corp., and John Doe**

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: Ashley Holdings, Inc.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Michael Gumprecht
125 Townpark Drive, Suite 300
Kennesaw, GA 30144

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of 14th day of October, 2021_____, 20____.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07445-S5**
**10/14/2021 9:03 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

# Nasim Rahimi

_____

_____

_____

PLAINTIFF

VS.

**Ace American Insurance Company,**

**Ashley Holdings, Inc., Jaron Tunks,**

**ABC Corp., XYZ Corp., and John Doe**

DEFENDANT

CIVIL ACTION
NUMBER:_____    21-C-07445-S5_____

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**   Jaron Tunks

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Michael Gumprecht
125 Townpark Drive, Suite 300
Kennesaw, GA 30144

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of ___14th day of October, 2021_____, 20____.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - R.
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07445-S5**
**10/14/2021 9:03 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

NASIM RAHIMI,

      Plaintiff,

v.

ACE AMERICAN INSURANCE COMPANY,
ASHLEY HOLDINGS, INC, JARON TUNKS,
ABC CORP., XYZ CORP., and JOHN DOE,

      Defendants.

**JURY TRIAL DEMANDED**

Civil Action File No.    21-C-07445-S5

### COMPLAINT

COMES NOW Nasim Rahimi, Plaintiff herein, and files this Complaint against Defendants

ACE American Insurance Company, Ashley Holdings, Inc, Jaron Tunks, ABC Corp., XYZ Corp.

and John Doe and shows this Honorable Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a resident of Arkansas and submits to this jurisdiction.

2.

Defendant Ashley Holdings, Inc ("Defendant ASHLEY") is a foreign corporation

organized under the laws of Wisconsin, with its principal office of business located at One Ashley

Way, Arcadia, Wisconsin 54612. Defendant ASHLEY is subject to the jurisdiction and venue of

this Court. This Court has personal jurisdiction over Defendant ASHLEY pursuant to O.C.G.A. §

9-10-91. Service of process may be perfected upon Defendant ASHLEY through its registered

agent, Corporation Service Company, at the following address: 8040 Excelsior Drive, Suite 400,

Madison, Wisconsin 53717-2915.

3.

Defendant Jaron Tunks ("Defendant Tunks") is an individual and a resident of Clayton County, Georgia and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon Defendant Tunks at the following address: 2070 Lake Harbin Road, Apartment B8, Morrow, Georgia 30260-1925.

4.

Defendant ACE American Insurance Company ("Defendant Ace American") is an insurance company against whom a direct action may be brought based on a contract of insurance pursuant to O.C.G.A. § 40-1-112, O.C.G.A. § 40-2-140, and/or other applicable laws. Defendant Ace American is a foreign corporation and authorized to transact business in the State of Georgia and is subject to the jurisdiction and venue of this Court. Defendant Ace American's principal office of business is located at 436 Walnut Street, Philadelphia, Pennsylvania 19106. Service of process may be perfected upon Defendant Ace American through its registered agent, CT Corporation System, at the following address: 289 S. Culver Street, Lawrenceville, GA 30056-4805.

5.

Defendant ABC Corp. is an entity that owned and/or operated the vehicle involved in the subject collision and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against any other Defendant against Defendant ABC Corp. Defendant ABC Corp. will be named and served with the Summon and Complaint once its identity is revealed.

6.

Defendant XYZ Corp. is an additional insurance company against whom a direct action

may be brought based on a contract of insurance pursuant to O.C.G.A. § 40-1-112, O.C.G.A. § 40-2-140, and/or other applicable laws. Defendant XYZ is subject to the jurisdiction and venue of this Court and will be named and served with the Summons and Complaint once its identity is revealed.

7.

Defendant John Doe is an individual who maintains the vehicles and supervises drivers for Defendant ASHLEY and/or Defendant ABC Corp. and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against any other Defendant against Defendant John Doe. Defendant John Doe is subject to the jurisdiction and venue of this Court and will be named and served with the Summons and Complaint once his identity is revealed.

8.

Pursuant to O.C.G.A. § 40-1-117(b), Defendants are further subject to the venue of this Court because this action lies "in the county where the cause of action or some part thereof arose."

## ALLEGATIONS

9.

On or about October 17, 2019, Plaintiff was driving her 2017 Lexus RX350 on Pleasant Hill Road near its intersection with Peachtree Industrial Boulevard in Gwinnett County, Georgia. At all times relevant hereto, Plaintiff was exercising reasonable care for her own safety.

10.

Prior to and on October 17, 2019, Defendants ASHLEY, Tunks, ABC Corp., and John Doe owned, operated, and/or controlled a 2019 Ford Transit vehicle, V.I.N. NM0LS7E23K1402504, for use over public highways.

11.

Prior to and on October 17, 2019, Defendants ASHLEY, Tunks, ABC Corp. and John Doe failed to exercise reasonable care for the safety of others who might be affected by their actions and negligently operated and/or allowed the negligent operation of the above-mentioned 2019 Ford Transit vehicle while the it and its driver were in violation of legally mandated minimum safety requirements and violated multiple Federal laws, Georgia laws, and rules of the road, and, on October 17, 2019, said violations caused a collision between Plaintiff's vehicle and Defendants' vehicle and proximately caused serious injuries to Plaintiff.

12.

On October 17, 2019, Defendant Tunks, an employee/agent of Defendant ASHLEY and/or ABC Corp., was operating the above-mentioned 2019 Ford Transit vehicle at the above-mentioned intersection in Gwinnett County, Georgia. Defendant Tunks was operating said vehicle in violation of multiple Federal laws, Georgia laws, and rules of the road, including, but not limited to, driving a vehicle in reckless disregard of the safety of persons or property (O.C.G.A. § 40-6-390), fleeing the scene of a collision (O.C.G.A. § 40-6-270 (a), (c); 40-6-271), following too closely (O.C.G.A. § 40-6-49), failure to maintain control of the vehicle, failure to keep a proper lookout, failure to use turn signals, and failure to use reasonable care while operating said vehicle, causing a collision between said vehicle and Plaintiff's vehicle and proximately causing serious injuries to Plaintiff.

13.

At all times relevant hereto, Defendant Tunks was operating Defendant ASHLEY's and/or ABC Corp.'s vehicle in a reckless and negligent fashion which resulted in the above-described collision and proximately caused serious injuries to Plaintiff.

14.

At all times relevant hereto, Defendants ASHLEY, ABC Corp. and/or John Doe were negligently supervising the operation of Defendant ASHLEY's and ABC Corp.'s vehicle which resulted in the above-described collision and proximately caused serious injuries to Plaintiff.

15.

Defendants ASHLEY and/or ABC Corp. are liable under the doctrine of *respondeat superior* for the harm caused to Plaintiff by the wrongful acts of their employee, Defendant Tunks, who was acting in the scope and course of his employment with Defendant ASHLEY and/or ABC Corp. and during the actual transaction of Defendant ASHLEY's and/or ABC Corp.'s business when she caused the subject collision and proximately caused serious injuries to Plaintiff.

16.

Defendants ASHLEY and/or ABC Corp. are liable to Plaintiff because they negligently entrusted their vehicle to Defendant Tunks when Defendant Tunks was not properly suited to drive the vehicle, proximately causing injuries to Plaintiff, and because Defendant ASHLEY and/or ABC Corp. failed to properly hire, train, retain, and supervise their employees so that they would not cause harm to persons such as Plaintiff, proximately causing injuries to Plaintiff.

17.

Defendants ASHLEY, ABC Corp., John Doe and Tunks, are negligent *per se* because (1) their acts and/or the acts of their employee were in violation of Federal laws and Georgia laws

regarding the use and operation of motor vehicles and commercial motor vehicles, (2) the laws were designed to prevent the type of collision and injuries involved in the subject litigation, (3) Plaintiff is a member of the class intended to be protected by said laws, and (4) the violation of said laws proximately caused Plaintiff's injuries.

18.

Defendants ASHLEY and/or ABC Corp. knew or should have known that operating their vehicle on an interstate while its driver was not properly suited to operate it would result in harm to the individuals who would be affected by the operation of said vehicle.

19.

Defendants ASHLEY and/or ABC Corp. knew or should have known that their failure to properly hire, train, retain, and supervise their employee so that she would not cause harm to persons such as Plaintiff, would result in harm to the individuals who would be affected by said employees, yet Defendants ASHLEY and/or ABC Corp. still failed to properly hire, train, retain, and supervise their employees.

20.

At all times relevant hereto, Defendants ASHLEY, ABC Corp., John Doe and Tunks, were operating the subject vehicle as motor contract carriers pursuant to O.C.G.A. § 40-1-50, et seq. and other applicable laws.

21.

Plaintiff brings this action against Defendant Ace American on a contract of insurance pursuant to O.C.G.A. § 40-1-112, O.C.G.A. § 40-2-140, and/or other applicable laws. The underlying tort claims possessed by Plaintiff arise as a result of a motor vehicle collision and are against Defendant Ace American's insureds, Defendants ASHLEY, ABC Corp., John Doe, and/or

Tunks.

22.

On October 17, 2019, at the time of the subject collision, Defendant Ace American had a policy of insurance in effect that provided insurance coverage for the motor carrier operations of Defendants ASHLEY, ABC Corp., and/or Tunks, and included the subject 2019 Ford Transit vehicle.

23.

Plaintiff elects to avail herself of the procedure set forth under O.C.G.A. § 40-1-112, O.C.G.A. § 40-2-140, and/or other applicable laws that permit joinder of Defendant Ace American as a direct defendant.

24.

Defendant Ace American is liable to Plaintiff based on the above-referenced contract of insurance insuring Defendants ASHLEY, ABC Corp., John Doe and/or Tunks pursuant to O.C.G.A. § 40-2-112 and/or O.C.G.A. § 40-2-140.

## JOINT AND SEVERAL LIABILITY

25.

The combined acts of Defendants ASHLEY, ABC Corp., John Doe and Tunks were reckless, negligent, and negligent *per se* and proximately caused Plaintiff's injuries and damages, and said Defendants are jointly and severally liable for Plaintiff's injuries and damages. Since Plaintiff had no fault in causing the subject collision and since the tortious acts of Defendants ASHLEY, ABC Corp., John Doe and Tunks do not involve moral turpitude, Plaintiff elects to proceed jointly and severally against Defendants ASHLEY, ABC Corp., John Doe and Tunks pursuant to O.C.G.A. § 51-12-32.

## DAMAGES

26.

Defendant ASHLEY's, ABC Corp.'s, John Doe, and/or Tunks' recklessness, negligence, and negligence *per se* proximately caused injuries to Plaintiff which caused and continues to cause tremendous pain and suffering to Plaintiff, and Plaintiff seeks recovery from Defendants for all damages to which she is entitled.

27.

As a result of Defendant ASHLEY's, ABC Corp.'s, John Doe and Tunks' recklessness, negligence, and negligence *per se*, Plaintiff sustained personal injuries, special damages, and general damages for which she is entitled to be compensated by Defendants.

28.

As a direct and proximate result of Defendant ASHLEY's, ABC Corp.'s, John Doe, and/or Tunks' recklessness, negligence, and negligence *per se*, Plaintiff has over $90,000 in medical expenses thus far and is still treating, with the exact amount to be proven at trial.

29.

By engaging in the above-described conduct, Defendants ASHLEY, ABC Corp., John Doe and/or Tunks acted in an intentional, malicious, fraudulent, reckless, willful, and wanton manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to the consequences, and the conduct of these Defendants is so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. § 51-12-5.1 to penalize and punish each of these Defendants for his or its misconduct and to deter each of these Defendants from engaging in such aggravating and fraudulent conduct in the future. Plaintiff hereby specifically pleads for the imposition of punitive damages.

30.

Defendant Tunks' conduct in fleeing the scene of a collision is criminalized as hit and run under O.C.G.A. § 40-6-270 (a), (c); 40-6-271, because the public policy of this state required the Defendant to stop and render aid to those involved in the collision, no matter who caused the collision, and not leave them in a possibly disabled state without aid. Georgia Power Co. v. Shipp, 195 Ga. 446 (24 S.E.2d 764) (1943); Bellamy v. Edwards, 181 Ga. App. 887, 889 (3) (354 S.E.2d 434) (1987); Battle v. Kilcrease, 54 Ga. App. 808, 809-810 (4) (189 S.E.2d 573) (1936). Defendant Tunks' actions in leaving the scene of a collision, as mandated by statute, was an intentional and culpable act; such conduct demonstrated a conscious indifference to the consequences and an entire want of care as to the victim's wellbeing, and such conduct was of an aggravated and indifferent nature for purposes of imposing punitive damages. Langolois v. Wolford, 246 Ga.App. 209 (2000); Bellamy v. Edwards, supra 889; Battle v. Kilcrease, supra at 809-810 (4).

31.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve this claim when there is no bona fide controversy. Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE** Plaintiff prays for the following relief:

(a)    Summons and Complaint be served upon Defendants according to the law;

(b)    Plaintiff recover from Defendants jointly and severally a sum of damages to compensate for Plaintiff's injuries and damages, including, but not limited to, past and future medical expenses; past and future lost wages; and past, present, and

future pain and suffering as aforesaid;

(c)    Judgment be rendered against Defendant ASHLEY Trucking, Inc for punitive damages to deter like or similar conduct in the future;

(d)    Judgment be rendered against Defendant Jaron Tunks for punitive damages to deter like or similar conduct in the future;

(e)    Judgment be rendered against Defendant John Doe for punitive damages to deter like or similar conduct in the future;

(f)    Judgment be rendered against Defendant Ace American Insurance Company based on its contract of insurance;

(g)    Judgment be rendered against Defendant XYZ Corp. based on its contract of insurance;

(h)    Judgment be rendered against Defendant ABC Corp. for punitive damages to deter like or similar conduct in the future;

(i)    Plaintiff be awarded prejudgment interest on all damages as allowed by law;

(j)    Interest on the judgment be awarded at the legal rate from the date of judgment;

(k)    All costs of this action be taxed against Defendants; and

(l)    Plaintiff have any and all other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for each claim for which she has a right to a jury.

Respectfully submitted this 14th day of October, 2021.

THE GUMPRECHT LAW FIRM

MICHAEL E. GUMPRECHT
GEORGIA STATE BAR NUMBER 903081
*ATTORNEY FOR PLAINTIFF*

125 TOWNPARK DRIVE #300
KENNESAW, GEORGIA 30144
TELEPHONE:    678-800-1050
FACSIMILE:    678-800-1500
E-MAIL:       MICHAEL@GALAWFIRM.COM

E-FILED IN OFFICE - N
CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**21-C-07445-S**
**10/18/2021 3:16 PI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

NASIM RAHIMI,

       Plaintiff,

v.

ACE AMERICAN INSURANCE COMPANY,
ASHLEY HOLDINGS, INC, JARON TUNKS,
ABC CORP., XYZ CORP., and JOHN DOE,

       Defendants.

**JURY TRIAL DEMANDED**

Civil Action File No.

### AMENDED COMPLAINT

COMES NOW Nasim Rahimi, Plaintiff herein, and files this Amended Complaint against

Defendants ACE American Insurance Company, Ashley Holdings, Inc, Jaron Tunks, ABC Corp.,

XYZ Corp. and John Doe and shows this Honorable Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a resident of Georgia and submits to this jurisdiction.

2.

Defendant Ashley Holdings, Inc ("Defendant ASHLEY") is a foreign corporation

organized under the laws of Wisconsin, with its principal office of business located at One Ashley

Way, Arcadia, Wisconsin 54612. Defendant ASHLEY is subject to the jurisdiction and venue of

this Court. This Court has personal jurisdiction over Defendant ASHLEY pursuant to O.C.G.A. §

9-10-91. Service of process may be perfected upon Defendant ASHLEY through its registered

agent, Corporation Service Company, at the following address: 8040 Excelsior Drive, Suite 400,

Madison, Wisconsin 53717-2915.

3.

Defendant Jaron Tunks ("Defendant Tunks") is an individual and a resident of Clayton County, Georgia and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon Defendant Tunks at the following address: 2070 Lake Harbin Road, Apartment B8, Morrow, Georgia 30260-1925.

4.

Defendant ACE American Insurance Company ("Defendant Ace American") is an insurance company against whom a direct action may be brought based on a contract of insurance pursuant to O.C.G.A. § 40-1-112, O.C.G.A. § 40-2-140, and/or other applicable laws. Defendant Ace American is a foreign corporation and authorized to transact business in the State of Georgia and is subject to the jurisdiction and venue of this Court. Defendant Ace American's principal office of business is located at 436 Walnut Street, Philadelphia, Pennsylvania 19106. Service of process may be perfected upon Defendant Ace American through its registered agent, CT Corporation System, at the following address: 289 S. Culver Street, Lawrenceville, GA 30056-4805.

5.

Defendant ABC Corp. is an entity that owned and/or operated the vehicle involved in the subject collision and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against any other Defendant against Defendant ABC Corp. Defendant ABC Corp. will be named and served with the Summon and Complaint once its identity is revealed.

6.

Defendant XYZ Corp. is an additional insurance company against whom a direct action

may be brought based on a contract of insurance pursuant to O.C.G.A. § 40-1-112, O.C.G.A. § 40-2-140, and/or other applicable laws. Defendant XYZ is subject to the jurisdiction and venue of this Court and will be named and served with the Summons and Complaint once its identity is revealed.

7.

Defendant John Doe is an individual who maintains the vehicles and supervises drivers for Defendant ASHLEY and/or Defendant ABC Corp. and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against any other Defendant against Defendant John Doe. Defendant John Doe is subject to the jurisdiction and venue of this Court and will be named and served with the Summons and Complaint once his identity is revealed.

8.

Pursuant to O.C.G.A. § 40-1-117(b), Defendants are further subject to the venue of this Court because this action lies "in the county where the cause of action or some part thereof arose."

## ALLEGATIONS

9.

On or about October 17, 2019, Plaintiff was driving her 2017 Lexus RX350 on Pleasant Hill Road near its intersection with Peachtree Industrial Boulevard in Gwinnett County, Georgia. At all times relevant hereto, Plaintiff was exercising reasonable care for her own safety.

10.

Prior to and on October 17, 2019, Defendants ASHLEY, Tunks, ABC Corp., and John Doe owned, operated, and/or controlled a 2019 Ford Transit vehicle, V.I.N. NM0LS7E23K1402504, for use over public highways.

11.

Prior to and on October 17, 2019, Defendants ASHLEY, Tunks, ABC Corp. and John Doe failed to exercise reasonable care for the safety of others who might be affected by their actions and negligently operated and/or allowed the negligent operation of the above-mentioned 2019 Ford Transit vehicle while the it and its driver were in violation of legally mandated minimum safety requirements and violated multiple Federal laws, Georgia laws, and rules of the road, and, on October 17, 2019, said violations caused a collision between Plaintiff's vehicle and Defendants' vehicle and proximately caused serious injuries to Plaintiff.

12.

On October 17, 2019, Defendant Tunks, an employee/agent of Defendant ASHLEY and/or ABC Corp., was operating the above-mentioned 2019 Ford Transit vehicle at the above-mentioned intersection in Gwinnett County, Georgia. Defendant Tunks was operating said vehicle in violation of multiple Federal laws, Georgia laws, and rules of the road, including, but not limited to, driving a vehicle in reckless disregard of the safety of persons or property (O.C.G.A. § 40-6-390), fleeing the scene of a collision (O.C.G.A. § 40-6-270 (a), (c); 40-6-271), following too closely (O.C.G.A. § 40-6-49), failure to maintain control of the vehicle, failure to keep a proper lookout, failure to use turn signals, and failure to use reasonable care while operating said vehicle, causing a collision between said vehicle and Plaintiff's vehicle and proximately causing serious injuries to Plaintiff.

13.

At all times relevant hereto, Defendant Tunks was operating Defendant ASHLEY's and/or ABC Corp.'s vehicle in a reckless and negligent fashion which resulted in the above-described collision and proximately caused serious injuries to Plaintiff.

14.

At all times relevant hereto, Defendants ASHLEY, ABC Corp. and/or John Doe were negligently supervising the operation of Defendant ASHLEY's and ABC Corp.'s vehicle which resulted in the above-described collision and proximately caused serious injuries to Plaintiff.

15.

Defendants ASHLEY and/or ABC Corp. are liable under the doctrine of *respondeat superior* for the harm caused to Plaintiff by the wrongful acts of their employee, Defendant Tunks, who was acting in the scope and course of his employment with Defendant ASHLEY and/or ABC Corp. and during the actual transaction of Defendant ASHLEY's and/or ABC Corp.'s business when she caused the subject collision and proximately caused serious injuries to Plaintiff.

16.

Defendants ASHLEY and/or ABC Corp. are liable to Plaintiff because they negligently entrusted their vehicle to Defendant Tunks when Defendant Tunks was not properly suited to drive the vehicle, proximately causing injuries to Plaintiff, and because Defendant ASHLEY and/or ABC Corp. failed to properly hire, train, retain, and supervise their employees so that they would not cause harm to persons such as Plaintiff, proximately causing injuries to Plaintiff.

17.

Defendants ASHLEY, ABC Corp., John Doe and Tunks, are negligent *per se* because (1) their acts and/or the acts of their employee were in violation of Federal laws and Georgia laws

regarding the use and operation of motor vehicles and commercial motor vehicles, (2) the laws were designed to prevent the type of collision and injuries involved in the subject litigation, (3) Plaintiff is a member of the class intended to be protected by said laws, and (4) the violation of said laws proximately caused Plaintiff's injuries.

18.

Defendants ASHLEY and/or ABC Corp. knew or should have known that operating their vehicle on an interstate while its driver was not properly suited to operate it would result in harm to the individuals who would be affected by the operation of said vehicle.

19.

Defendants ASHLEY and/or ABC Corp. knew or should have known that their failure to properly hire, train, retain, and supervise their employee so that she would not cause harm to persons such as Plaintiff, would result in harm to the individuals who would be affected by said employees, yet Defendants ASHLEY and/or ABC Corp. still failed to properly hire, train, retain, and supervise their employees.

20.

At all times relevant hereto, Defendants ASHLEY, ABC Corp., John Doe and Tunks, were operating the subject vehicle as motor contract carriers pursuant to O.C.G.A. § 40-1-50, et seq. and other applicable laws.

21.

Plaintiff brings this action against Defendant Ace American on a contract of insurance pursuant to O.C.G.A. § 40-1-112, O.C.G.A. § 40-2-140, and/or other applicable laws. The underlying tort claims possessed by Plaintiff arise as a result of a motor vehicle collision and are against Defendant Ace American's insureds, Defendants ASHLEY, ABC Corp., John Doe, and/or

Tunks.

22.

On October 17, 2019, at the time of the subject collision, Defendant Ace American had a policy of insurance in effect that provided insurance coverage for the motor carrier operations of Defendants ASHLEY, ABC Corp., and/or Tunks, and included the subject 2019 Ford Transit vehicle.

23.

Plaintiff elects to avail herself of the procedure set forth under O.C.G.A. § 40-1-112, O.C.G.A. § 40-2-140, and/or other applicable laws that permit joinder of Defendant Ace American as a direct defendant.

24.

Defendant Ace American is liable to Plaintiff based on the above-referenced contract of insurance insuring Defendants ASHLEY, ABC Corp., John Doe and/or Tunks pursuant to O.C.G.A. § 40-2-112 and/or O.C.G.A. § 40-2-140.

## JOINT AND SEVERAL LIABILITY

25.

The combined acts of Defendants ASHLEY, ABC Corp., John Doe and Tunks were reckless, negligent, and negligent *per se* and proximately caused Plaintiff's injuries and damages, and said Defendants are jointly and severally liable for Plaintiff's injuries and damages. Since Plaintiff had no fault in causing the subject collision and since the tortious acts of Defendants ASHLEY, ABC Corp., John Doe and Tunks do not involve moral turpitude, Plaintiff elects to proceed jointly and severally against Defendants ASHLEY, ABC Corp., John Doe and Tunks pursuant to O.C.G.A. § 51-12-32.

## DAMAGES

26.

Defendant ASHLEY's, ABC Corp.'s, John Doe, and/or Tunks' recklessness, negligence, and negligence *per se* proximately caused injuries to Plaintiff which caused and continues to cause tremendous pain and suffering to Plaintiff, and Plaintiff seeks recovery from Defendants for all damages to which she is entitled.

27.

As a result of Defendant ASHLEY's, ABC Corp.'s, John Doe and Tunks' recklessness, negligence, and negligence *per se*, Plaintiff sustained personal injuries, special damages, and general damages for which she is entitled to be compensated by Defendants.

28.

As a direct and proximate result of Defendant ASHLEY's, ABC Corp.'s, John Doe, and/or Tunks' recklessness, negligence, and negligence *per se*, Plaintiff has over $90,000 in medical expenses thus far and is still treating, with the exact amount to be proven at trial.

29.

By engaging in the above-described conduct, Defendants ASHLEY, ABC Corp., John Doe and/or Tunks acted in an intentional, malicious, fraudulent, reckless, willful, and wanton manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to the consequences, and the conduct of these Defendants is so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. § 51-12-5.1 to penalize and punish each of these Defendants for his or its misconduct and to deter each of these Defendants from engaging in such aggravating and fraudulent conduct in the future. Plaintiff hereby specifically pleads for the imposition of punitive damages.

30.

Defendant Tunks' conduct in fleeing the scene of a collision is criminalized as hit and run under O.C.G.A. § 40-6-270 (a), (c); 40-6-271, because the public policy of this state required the Defendant to stop and render aid to those involved in the collision, no matter who caused the collision, and not leave them in a possibly disabled state without aid. Georgia Power Co. v. Shipp, 195 Ga. 446 (24 S.E.2d 764) (1943); Bellamy v. Edwards, 181 Ga. App. 887, 889 (3) (354 S.E.2d 434) (1987); Battle v. Kilcrease, 54 Ga. App. 808, 809-810 (4) (189 S.E.2d 573) (1936). Defendant Tunks' actions in leaving the scene of a collision, as mandated by statute, was an intentional and culpable act; such conduct demonstrated a conscious indifference to the consequences and an entire want of care as to the victim's wellbeing, and such conduct was of an aggravated and indifferent nature for purposes of imposing punitive damages. Langolois v. Wolford, 246 Ga.App. 209 (2000); Bellamy v. Edwards, supra 889; Battle v. Kilcrease, supra at 809-810 (4).

31.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve this claim when there is no bona fide controversy. Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE** Plaintiff prays for the following relief:

(a)     Summons and Complaint be served upon Defendants according to the law;

(b)     Plaintiff recover from Defendants jointly and severally a sum of damages to compensate for Plaintiff's injuries and damages, including, but not limited to, past and future medical expenses; past and future lost wages; and past, present, and

future pain and suffering as aforesaid;

(c)     Judgment be rendered against Defendant ASHLEY Trucking, Inc for punitive damages to deter like or similar conduct in the future;

(d)     Judgment be rendered against Defendant Jaron Tunks for punitive damages to deter like or similar conduct in the future;

(e)     Judgment be rendered against Defendant John Doe for punitive damages to deter like or similar conduct in the future;

(f)     Judgment be rendered against Defendant Ace American Insurance Company based on its contract of insurance;

(g)     Judgment be rendered against Defendant XYZ Corp. based on its contract of insurance;

(h)     Judgment be rendered against Defendant ABC Corp. for punitive damages to deter like or similar conduct in the future;

(i)     Plaintiff be awarded prejudgment interest on all damages as allowed by law;

(j)     Interest on the judgment be awarded at the legal rate from the date of judgment;

(k)     All costs of this action be taxed against Defendants; and

(l)     Plaintiff have any and all other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for each claim for which she has a right to a jury.


Respectfully submitted this 14th day of October, 2021.

THE GUMPRECHT LAW FIRM

MICHAEL E. GUMPRECHT
GEORGIA STATE BAR NUMBER 903081
*ATTORNEY FOR PLAINTIFF*

125 TOWNPARK DRIVE #300
KENNESAW, GEORGIA 30144
TELEPHONE:       678-800-1050
FACSIMILE:       678-800-1500
E-MAIL:             MICHAEL@GALAWFIRM.COM

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07445-S5**
**10/19/2021 11:05 AM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Gwinnett**                    **State Court**

Case Number: 21-C-07445-S5

Plaintiff: **NASIM RAHIMI**
vs.
Defendant: **ACE AMERICAN INSURANCE COMPANY,
ASHLEY HOLDINGS, INC, JARON TUNKS,
ABC CORP., XYZ CORP., and JOHN DOE**

For:
Michael Gumprecht
Gumprecht Law Firm
125 Townpark Drive
#300
Kennesaw, GA 30144

Received by Ancillary Legal Corporation on the 15th day of October, 2021 at 9:17 am to be served on **ACE American Insurance Company c/o C.T. Corporation System, registered agent, 289 S. Culver Street, Lawrenceville, GA 30056-4805**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **15th day of October, 2021** at **1:30 pm, I:**

served **ACE American Insurance Company c/o C.T. Corporation System, registered agent** by delivering a true copy of the **SUMMONS, COMPLAINT, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT ACE AMERICAN INSURANCE COMPANY, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ACE AMERICAN INSURANCE COMPANY** to: C.T. Corporation System as **Registered Agent, BY LEAVING THE SAME WITH** Linda Banks as **Authorized to Accept** at the address of: **289 S. Culver Street, Lawrenceville, GA 30056-4805**.

**Additional Information pertaining to this Service:**
10/15/2021  1:30 pm  Perfected corporate service at 289 S. Culver Street, Lawrenceville, GA 30046, by serving Linda Banks, process specialist.

White female, gray hair, ~60-65 years old, ~5'4, ~140 lbs, wears glasses.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

Subscribed and Sworn to before me on the 18th
day of ___October___, 2021 ___ by the affiant
who is personally known to me.

_____
NOTARY PUBLIC

**Christopher Todd Horton**
Process Server

**Ancillary Legal Corporation
2900 Chamblee Tucker Road
Building 13
Atlanta, GA 30341
(404) 459-8006**

Our Job Serial Number: ANC-2021011173
Ref: RAHIMI

ISHANI MADHAV
My Commission Expires
NOTARY
PUBLIC
June 3, 2025
FULTON COUNTY, GEORGIA

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2d

Copy from re:SearchGA

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07445-S5**
**10/21/2021 11:34 PM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

State of Georgia                    **County of Gwinnett**                    State Court

Case Number: 21-C-07445-S5

Plaintiff: **NASIM RAHIMI**
vs.
Defendant: **ACE AMERICAN INSURANCE COMPANY,**
**ASHLEY HOLDINGS, INC, JARON TUNKS,**
**ABC CORP., XYZ CORP., and JOHN DOE**

For: Michael Gumprecht
    Gumprecht Law Firm

Received by Ancillary Legal Corporation on the 15th day of October, 2021 at 3:45 pm to be served on
**Ashley Holdings, Inc. c/o Corporation Service Company, registered agent, 8040 Excelsior Drive, Suite**
**400, Madison, WI 53717-2915.** I, ⟨JOHN K. LEHMAN⟩ , being duly sworn, depose and say that
on the 15th day of OCTOBER , 2021 at 3:45 p.m., executed service by delivering a true copy of
the **SUMMONS, COMPLAINT, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO**
**DEFENDANT ASHLEY HOLDINGS, INC., PLAINTIFF'S FIRST INTERROGATORIES**
**TO DEFENDANT ASHLEY HOLDINGS, INC.** in accordance with state statutes in the manner marked below:


( ) PUBLIC AGENCY: By serving _____ as
_____ of the within-named agency.

(X) CORPORATE SERVICE: By serving ⟨JESSICA RITZKE⟩ as
⟨REGISTERED AGENT⟩ .

( ) OTHER SERVICE: As described in the Comments below by serving
_____ as _____.

( ) NON SERVICE: For the reason detailed in the Comments below.

Age 40 SEX M/⊕ Race W Height 5'10" Weight 110 Hair BRN Glasses ⊗/N
COMMENTS:_____
_____
_____
_____


I certify that I have no interest in the above action, am of legal age and have proper authority in the
jurisdiction in which this service was made.

⟨signature⟩

Subscribed and Sworn to before me on the **15**
day of **OCTOBER 2021** by the affiant who
is personally known to me.

⟨signature⟩
NOTARY PUBLIC

**JOHN A THRANOW III**
**NOTARY PUBLIC**
**STATE OF WISCONSIN**

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2021011176
Ref: RAHIMI

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2d

Served at ___3:45pm___ this ___15th___ day of ___October___ , 2021

at the ___City___ of ___Madison___

upon ___Ashley Holdings, Inc.___

by leaving with ___Jessica Kirtke___

___Licensed Investigator LEHMAN___

**Licensed Investigator**

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07445-S5**
**10/26/2021 7:02 PM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF NON-SERVICE

**State of Georgia**                  **County of Gwinnett**                  **State Court**

Case Number: 21-C-07445-S5

Plaintiff: **NASIM RAHIMI**
vs.
Defendant: **ACE AMERICAN INSURANCE COMPANY,**
**ASHLEY HOLDINGS, INC, JARON TUNKS,**
**ABC CORP., XYZ CORP., and JOHN DOE**

For:
Michael Gumprecht
Gumprecht Law Firm
125 Townpark Drive
#300
Kennesaw, GA 30144

Received by Ancillary Legal Corporation on the 15th day of October, 2021 at 9:30 am to be served on
**Jaron Tunks, 2070 Lake Harbin Road, Apartment B8, Morrow, GA 30260-1925.**

I, Michael Rivers, being duly sworn, depose and say that on the **15th day of October, 2021** at **4:14 pm, I:**

**NON-SERVED the SUMMONS, COMPLAINT, PLAINTIFF'S FIRST INTERROGATORIES TO
DEFENDANT JARON TUNKS, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT JARON TUNKS** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
10/15/2021  4:15 pm  Attempted service at 2070 Lake Harbin Road, Apartment B8, Morrow, GA
30260-1925.
I spoke with the resident who stayed the defendant doesn't live at said address. I spoke with the leasing
office who stated the defendant is unknown.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the
matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I
have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more
years of age and am authorized to serve process.

**Michael Rivers**
Process Server

Subscribed and Sworn to before me on the ____
day of _____, _____ by the affiant
who is personally known to me.

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

_____
NOTARY PUBLIC

Our Job Serial Number: ANC-2021011174
Ref: RAHIMI



Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2d

Copy from re:SearchGA

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07445-S5**
**10/26/2021 7:02 PM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF NON-SERVICE

**State of Georgia**              **County of Gwinnett**              **State Court**

Case Number: 21-C-07445-S5

Plaintiff: **NASIM RAHIMI**
vs.
Defendant: **ACE AMERICAN INSURANCE COMPANY,
ASHLEY HOLDINGS, INC, JARON TUNKS,
ABC CORP., XYZ CORP., and JOHN DOE**

For:
Michael Gumprecht
Gumprecht Law Firm
125 Townpark Drive
#300
Kennesaw, GA 30144

Received by Ancillary Legal Corporation on the 22nd day of October, 2021 at 9:40 am to be served on
**Jaron Tunks, 1588 Keystone Dr., Conley, GA 30288**

I, Chiquita Jackson, being duly sworn, depose and say that on the **24th day of October, 2021** at **4:17 pm, I:**

**NON-SERVED** the **SUMMONS, COMPLAINT, PLAINTIFF'S FIRST INTERROGATORIES TO
DEFENDANT JARON TUNKS, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT JARON TUNKS** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
10/24/2021  4:17 pm  Attempted service at 1588 Keystone Dr., Conley, GA  30288, Young black male
answered the door and I asked for Jaron Tunks. He said huh and I repeated myself. He shook his head no, I
said he doesn't live here and he answered on. I asked had he ever lived there he said I don't know,  but not
with us.
Mercedes Black FL tag# GLA250, White Ram FL tag PVIN24.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the
matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I
have no interest in the outcome of this action and am not related to any of  the parties. I am 18 or more
years of age and am authorized to serve process.

Subscribed and Sworn to before me on the 26th
day of October, 2021 by the affiant
who is personally known to me.

_____
NOTARY PUBLIC

**Chiquita Jackson**
Process Server

**Ancillary Legal Corporation
2900 Chamblee Tucker Road
Building 13
Atlanta, GA 30341
(404) 459-8006**

Our Job Serial Number: ANC-2021011435
Ref: RAHIMI

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2e

Copy from re:SearchGA

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07445-S5**

**10/26/2021 7:02 PM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

**State of Georgia**   **County of Gwinnett**              **State Court**

Case Number: 21-C-07445-S5

Plaintiff: **NASIM RAHIMI**
vs.
Defendant: **ACE AMERICAN INSURANCE COMPANY,
ASHLEY HOLDINGS, INC, JARON TUNKS,
ABC CORP., XYZ CORP., and JOHN DOE**

For: Michael Gumprecht
Gumprecht Law Firm

Received by Ancillary Legal Corporation on the 18th day of October, 2021 at 9:35 am to be served on **Jaron Tunks, 3276 Buford Highway, Duluth, GA 30096** I, _____ JAMES BASHAM _____, being duly sworn, depose and say that on the 21ST day of OCTOBER, 2021 at 11:48 A.m., executed service by delivering a true copy of the **SUMMONS, COMPLAINT, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT JARON TUNKS, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JARON TUNKS** in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as
_____, a person of suitable age and discretion
residing therein.

(X) NON SERVICE: For the reason detailed in the Comments below.

_____

Age____ SEX M F Race_____ Height_____ Weight_____ Hair _____ Glasses Y N

COMMENTS: _ADDRESS IS THE CITY OF DULUTH MUNICIPAL COURT/POLICE DEPARTMENT.
THE DO NOT KNOW ANYONE BY THE NAME OF JARON TUNKS_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 21ST
day of OCTOBER, 2021 by the affiant who
is personally known to me.

_____
NOTARY PUBLIC

My commission expires on 11/21/21

_____
PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Ancillary Legal Corporation
2900 Chamblee Tucker Road
Building 13
Atlanta, GA 30341
(404) 459-8006**

Our Job Serial Number: 2021011228
Ref: RAHIMI

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2d

Copy from re:SearchGA

E-FILED IN OFFICE - CS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07445-S5**
**11/4/2021 4:47 PM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

State of Georgia                    **County of Gwinnett**                    State Court

Case Number: 21-C-07445-S5

Plaintiff: **NASIM RAHIMI**
vs.
Defendant: **ACE AMERICAN INSURANCE COMPANY,**
**ASHLEY HOLDINGS, INC, JARON TUNKS,**
**ABC CORP., XYZ CORP., and JOHN DOE**

For: Michael Gumprecht
    Gumprecht Law Firm

Received by Ancillary Legal Corporation on the 26th day of October, 2021 at 5:25 pm to be served on **Jaron Tunks, 2815 W Gilbert Ave, Peoria, IL 61604.** I, _Matt Mulhollin_ , being duly sworn, depose and say that on the _28_ day of _Oct_ , 20_21_ at _3 :08_ pm., executed service by delivering a true copy of the **SUMMONS, COMPLAINT, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT JARON TUNKS, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JARON TUNKS** in accordance with state statutes in the manner marked below:

[X] INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as
_____, a person of suitable age and discretion
residing therein.

( ) NON SERVICE: For the reason detailed in the Comments below.

Age_2030_ SEX (M) F Race_Black_ Height_6'02"_ Weight_170_ Hair_Black_ Glasses Y (N)

**COMMENTS:**_____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

_(signature)_

Subscribed and Sworn to before me on the _3_
day of _Nov._ , _2021_ by the affiant who
is personally known to me.

_(signature)_
NOTARY PUBLIC

PROCESS SERVER # _129-274542_
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2021011518
Ref: RAHIMI

ROBIN EASTON
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
May 04, 2024

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2e

406537

Copy from re:SearchGA

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07445-S5**
**11/12/2021 2:25 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

NASIM RAHIMI                                )
                                            )
            Plaintiff,                      )        CIVIL ACTION
                                            )        NO. 21-C-07445-S5
v.                                          )
                                            )
ACE AMERICAN INSURANCE                      )
COMPANY, ASHLEY HOLDINGS, INC.,             )
JARON TUNKS ABC CORP.,                      )
XYZ CORP., and JOHN DOE,                    )
                                            )
            Defendants.                     )

## DEFENDANTS ACE AMERICAN INSURANCE COMPANY, ASHLEY HOLDINGS, INC. AND JARON TUNKS' ANSWER TO PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT

COME NOW ACE American Insurance Company's ("ACE") Ashley Holdings, Inc. ("Ashley"), and Jaron Tunks ("Tunks") (hereinafter collectively referred to as "Defendants"), and file this Answer to Plaintiff's Complaint and Amended Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint and Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

No act or omission on the part of Defendants either caused or contributed to whatever injury or damage Plaintiff may have sustained.

## THIRD DEFENSE

Defendants raise the defense of contributory negligence and that Plaintiff's damages, if any, must be apportioned among all potentially responsible parties and non-parties pursuant to O.C.G.A. § 51-12-33 and Georgia law.

## FOURTH DEFENSE

Plaintiffs' claims are or may be barred by the applicable statute of limitations.

## FIFTH DEFENSE

Venue is or may be improperly laid in this Court as to Defendants Ashley and Tunks.

## SIXTH DEFENSE

Any award of punitive or exemplary damages to Plaintiff in this case will be violative of the Constitutional safeguards provided to Defendants under the Constitution of the State of Georgia and the Constitution of the United States of America.

## SEVENTH DEFENSE

Any award of punitive or exemplary damages to Plaintiff in this case is arbitrary, unreasonable, excessive and fundamentally unfair, vague, and not rationally related to legitimate government interest, in violation of Defendants' right to due process and equal protection of the law under the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and under the Constitution of the State of Georgia.

## EIGHTH DEFENSE

Any award of punitive damages would be violative of the procedural safeguards provided to Defendants under the Sixth Amendment to the Constitution of the United States and the Constitution of the State of Georgia and that punitive damages are penal in nature and

consequently, Defendants are entitled to the same procedural safeguards as accorded to criminal defendants.

## NINTH DEFENSE

Plaintiff is not entitled to recover punitive damages against Defendants in any amount or in the amount sought in the Complaint and Amended Complaint under O.C.G.A. § 51-12-5.1.

## TENTH DEFENSE

Plaintiff is not entitled to recover attorney's fees and/or costs of litigation against Defendants in any amount or in the amount sought in the Complaint and Amended Complaint under O.C.G.A. § 13-6-11.

## ELEVENTH DEFENSE

Defendants Ashley and ACE are improper party defendants.

## TWELFTH DEFENSE

Defendants' investigation and discovery are continuing, and these Defendants reserve the right to assert any affirmative defenses, additional defenses, claims, and denials as may be disclosed during the course of additional investigation and discovery.

## THIRTEENTH DEFENSE

Responding to the numbered paragraphs of Plaintiff's Complaint and Amended Complaint, Defendants show the Court the following:

## PARTIES, JURISDICTION AND VENUE

1.

Defendants are without knowledge and information sufficient to form a belief as to the allegations of Paragraph One (1) of Plaintiff's Complaint and Amended Complaint at this time.

2.

Responding to the allegations of Paragraph Two (2) of Plaintiff's Complaint and Amended Complaint, it is admitted that Defendant Ashley is a Wisconsin corporation with its principal place of business in Wisconsin and that it can be served with process through its registered agent. The remaining allegations of Paragraph Two (2) of Plaintiff's Complaint and Amended Complaint are denied and Defendants deny that Ashley is a proper party defendant.

3.

Responding to the allegations of Paragraph Three (3) of Plaintiff's Complaint and Amended Complaint, it is admitted that Defendant Tunks is an individual. The remaining allegations of Paragraph Three (3) of Plaintiff's Complaint and Amended Complaint are denied and Defendants deny that Tunks is a citizen of Georgia.

4.

Responding to the allegations of Paragraph Four (4) of Plaintiff's Complaint and Amended Complaint, it is admitted that Defendant ACE is a foreign corporation with its principal place of business in Philadelphia, Pennsylvania, is an insurance company authorized to transact business in Georgia, is subject the jurisdiction and venue of this Court, and may be served with process through its registered agent. The remaining allegations of Paragraph Four (4) of Plaintiff's Complaint and Amended Complaint are denied and Defendants deny that ACE is a proper party defendant.

5.

The allegations of Paragraph Five (5) of Plaintiff's Complaint and Amended Complaint are denied.

6.

The allegations of Paragraph Six (6) of Plaintiff's Complaint and Amended Complaint are denied.

7.

The allegations of Paragraph Seven (7) of Plaintiff's Complaint and Amended Complaint are denied.

8.

The allegations of Paragraph Eight (8) of Plaintiff's Complaint and Amended Complaint are denied.

## **ALLEGATIONS**

9.

Defendants are without knowledge and information sufficient to form a belief as to the allegations of Paragraph Nine (9) of Plaintiff's Complaint and Amended Complaint at this time.

10.

The allegations of Paragraph Ten (10) of Plaintiff's Complaint and Amended Complaint are denied as stated.

11.

The allegations of Paragraph Eleven (11) of Plaintiff's Complaint and Amended Complaint are denied.

12.

The allegations of Paragraph Twelve (12) of Plaintiff's Complaint and Amended Complaint are denied.

13.

The allegations of Paragraph Thirteen (13) of Plaintiff's Complaint and Amended Complaint are denied.

14.

The allegations of Paragraph Fourteen (14) of Plaintiff's Complaint and Amended Complaint are denied.

15.

The allegations of Paragraph Fifteen (15) of Plaintiff's Complaint and Amended Complaint are denied.

16.

The allegations of Paragraph Sixteen (16) of Plaintiff's Complaint and Amended Complaint are denied.

17.

The allegations of Paragraph Seventeen (17) of Plaintiff's Complaint and Amended Complaint are denied.

18.

The allegations of Paragraph Eighteen (18) of Plaintiff's Complaint and Amended Complaint are denied.

19.

The allegations of Paragraph Nineteen (19) of Plaintiff's Complaint and Amended Complaint are denied.

20.

The allegations of Paragraph Twenty (20) of Plaintiff's Complaint and Amended Complaint are denied.

21.

The allegations of Paragraph Twenty-One (21) of Plaintiff's Complaint and Amended Complaint are denied and Defendants deny that ACE is a proper party defendant.

22.

The allegations of Paragraph Twenty-Two (22) of Plaintiff's Complaint and Amended Complaint are denied as stated.

23.

The allegations of Paragraph Twenty-Three (23) of Plaintiff's Complaint and Amended Complaint are denied and Defendants deny that ACE is a proper party defendant.

24.

The allegations of Paragraph Twenty-Four (24) of Plaintiff's Complaint and Amended Complaint are denied.

## JOINT AND SEVERAL LIABILITY

25.

The allegations of Paragraph Twenty-Five (25) of Plaintiff's Complaint and Amended Complaint are denied.

## DAMAGES

26.

The allegations of Paragraph Twenty-Six (26) of Plaintiff's Complaint and Amended Complaint are denied.

27.

The allegations of Paragraph Twenty-Seven (27) of Plaintiff's Complaint and Amended Complaint are denied.

28.

The allegations of Paragraph Twenty-Eight (28) of Plaintiff's Complaint and Amended Complaint are denied.

29.

The allegations of Paragraph Twenty-Nine (29) of Plaintiff's Complaint and Amended Complaint are denied.

30.

The allegations of Paragraph Thirty (30) of Plaintiff's Complaint and Amended Complaint are denied.

31.

The allegations of Paragraph Thirty-One (31) of Plaintiff's Complaint and Amended Complaint are denied.

Any and all allegations of Plaintiff's Complaint and Amended Complaint not specifically responded to herein are denied, including but not limited to the unnumbered "WHEREFORE" paragraph, and each of its subparts.

WHEREFORE, having fully answered Plaintiff's Complaint and Amended Complaint, Defendants demand judgment in their favor, with all costs of this action being assessed against Plaintiff.

8

This 12th day of November, 2021.

HAWKINS PARNELL & YOUNG, LLP

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(404) 614-7500 – fax
wmajor@hpylaw.com
dwilson@hpylaw.com
gdrogosch@hpylaw.com

William H. Major, III
Georgia Bar No. 466750
David H. Wilson
Georgia Bar No. 767774
Garret J. Drogosch
Georgia Bar No. 942091
ATTORNEYS FOR DEFENDANTS

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

NASIM RAHIMI                          )
                                      )
          Plaintiff,                  )        CIVIL ACTION
                                      )        NO. 21-C-07445-S5
v.                                    )
                                      )
ACE AMERICAN INSURANCE                )
COMPANY, ASHLEY HOLDINGS, INC.,       )
JARON TUNKS ABC CORP.,                )
XYZ CORP., and JOHN DOE,              )
                                      )
          Defendants.                 )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the foregoing *Defendants Ace American Insurance Company, Ashley Holdings, Inc., and Jaron Tunks' Answer to Plaintiff's Complaint and Amended Complaint* by electronic filing and by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage affixed thereon addressed to:

Michael E. Gumprecht, Esq.
The Gumprecht Law Firm
125 Townpark Drive #300
Kennesaw, Georgia 30144

This 12th day of November, 2021.

303 Peachtree St., N.E.                   HAWKINS PARNELL & YOUNG, LLP
Suite 4000
Atlanta, GA 30308-3243
Phone: (404) 614-7400
Fax:  (404) 614-7500                      _____
wmajor@hpylaw.com                         William H. Major, III
dwilson@hpylaw.com                        Georgia Bar No. 466750
gdrogosch@hpylaw.com                      David H. Wilson
                                          Georgia Bar No. 767774
                                          Garret J. Drogosch
                                          Georgia Bar No. 942091
                                          ATTORNEYS FOR DEFENDANTS

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-07445-S5
11/12/2021 2:25 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| NASIM RAHIMI | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 21-C-07445-S5 |
| v. | ) | |
| | ) | |
| ACE AMERICAN INSURANCE | ) | |
| COMPANY, ASHLEY HOLDINGS, INC., | ) | |
| JARON TUNKS ABC CORP., | ) | |
| XYZ CORP., and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:    Clerk of Court
        State Court of Gwinnett County, Georgia
        75 Langley Dr.
        Lawrenceville, GA 30046

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on

November 12, 2021, Defendants ACE American Insurance Company, Ashley Holdings, Inc., and

Jaron Tunks filed in the United States District Court for the Northern District of Georgia, Atlanta

Division, their Notice of Removal (a copy of which is attached hereto as Ex. A).  Pursuant to 28

U.S.C. § 1446(d), the above-styled action is now removed and the State Court of Gwinnett

County, Georgia is divested of jurisdiction over all further proceedings.

This 12th day of November, 2021.

HAWKINS PARNELL & YOUNG, LLP

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(404) 614-7500 – fax
wmajor@hpylaw.com
dwilson@hpylaw.com
gdrogosch@hpylaw.com

William H. Major, III
Georgia Bar No. 466750
David H. Wilson
Georgia Bar No. 767774
Garret J. Drogosch
Georgia Bar No. 942091
ATTORNEYS FOR DEFENDANTS

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

NASIM RAHIMI                        )
                                    )
              Plaintiff,            )        CIVIL ACTION
                                    )        NO. 21-C-07445-S5
v.                                  )
                                    )
ACE AMERICAN INSURANCE              )
COMPANY, ASHLEY HOLDINGS, INC.,     )
JARON TUNKS ABC CORP.,              )
XYZ CORP., and JOHN DOE,            )
                                    )
              Defendants.           )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the foregoing *Notice of Filing Notice of Removal* by electronic filing and by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage affixed thereon addressed to:

Michael E. Gumprecht, Esq.
The Gumprecht Law Firm
125 Townpark Drive #300
Kennesaw, Georgia 30144

This 12th day of November, 2021.

HAWKINS PARNELL & YOUNG, LLP

303 Peachtree St., N.E.
Suite 4000
Atlanta, GA 30308-3243
Phone: (404) 614-7400
Fax:  (404) 614-7500
wmajor@hpylaw.com
dwilson@hpylaw.com
gdrogosch@hpylaw.com

William H. Major, III
Georgia Bar No. 466750
David H. Wilson
Georgia Bar No. 767774
Garret J. Drogosch
Georgia Bar No. 942091
ATTORNEYS FOR DEFENDANTS

**Ex. A**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| NASIM RAHIMI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ACE AMERICAN INSURANCE COMPANY, ASHLEY HOLDINGS, INC., JARON TUNKS, ABC CORP., XYZ CORP., and JOHN DOE,<br><br>　　　　Defendants. | Civil Action No.<br><br>_____<br><br>[On Removal From the State Court of Gwinnett County, Georgia, Civil Action No. 21-C-07445-S5] |

## NOTICE OF REMOVAL TO FEDERAL COURT

COME NOW Defendants ACE American Insurance Company ("ACE"),

Ashley Holdings, Inc. ("Ashley"), and Jaron Tunks ("Tunks") (collectively,

"Defendants") and pursuant to 28 U.S.C. §§ 1441 and 1446, file this Notice of

Removal to Federal Court, showing that they have complied with the procedures

for removal and setting forth a short and plain statement that removal in this case is

proper, pursuant to 28 U.S.C. §§1332, 1441, and 1446.

1.

The jurisdictional basis for this removal is 28 U.S.C. §1332 because (a) there

is complete diversity of citizenship between Plaintiff and Defendants, and (b) the

-1-

amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2.

ACE, Ashley, and Tunks are Defendants in a civil action brought in the State Court of Gwinnett County, Georgia styled Nasim Rahimi v. ACE American Insurance Company, Ashley Holdings, Inc., Jaron Tunks, ABC Corp., XYZ Corp., and John Doe, Civil Action File No. 21-C-07445-S5 (hereinafter "the Action"), that was filed on or about October 14, 2021. An Amended Complaint was filed on or about October 18, 2021. According to the service of process records filed by Plaintiff in the Action, Ashley was served on October 15, 2021; ACE was served on October 15, 2021; and Tunks was served at his residence in Illinois on October 28, 2021.

3.

Copies of all process, pleadings, and orders served in the Action are attached hereto as Ex. A, including a copy of any Answer that was filed in the Action.

4.

This lawsuit arises out of an alleged motor vehicle accident that occurred on October 17, 2019 on Pleasant Hill Road in Gwinnett County, Georgia. (Amended Complaint, ¶ 9). The lawsuit asserts claims for negligence, negligence per se, and

negligent hiring/entrustment/supervision/training/retention.  (Amended Complaint, ¶¶ 11-19).  The lawsuit also asserts claims for punitive damages and attorneys' fees, and that ACE is subject to suit pursuant to Georgia's direct action statutes. (Amended Complaint, ¶¶ 21-24, 29-31).

5.

The controversy between Plaintiff and Defendants is one between citizens of different states: (a) Plaintiff is a citizen of Georgia;  (b) Defendant Ashley is a Wisconsin corporation with its principal place of business located at 1 Ashley Way, Arcadia, Wisconsin 54612;  (c) Defendant ACE is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania; and (d) Defendant Tunks is a citizen of Illinois. (Amended Complaint, ¶¶ 1, 2, 4).[1] [2]

---

[1] Defendant Ashley contends that it is an improper party, and that the correct legal entity would be Kingswere Furniture, LLC.  Nonetheless, assuming that the pleadings are amended to reflect the correct entity, there would still be diversity of citizenship as neither that entity nor any of its members are citizens or residents of Georgia.

[2] While the lawsuit alleges that Defendant Tunks is a resident of Georgia (Amended Complaint, ¶ 3), that is inaccurate as he is a resident and citizen of Illinois, and was recently served with process in this lawsuit at his residence at 2815 West Gilbert Ave., Peoria, Illinois 61604.

6.

In addition, Plaintiff seeks to recover general and special damages against Defendants for a sum in excess of $75,000.  While no specific dollar amount is prayed for in the Complaint, Plaintiff claims he has incurred medical expenses in excess of $90,000 and is still treating. (Amended Complaint, ¶ 28).  Plaintiff seeks damages against Defendants for, among other things, pain and suffering, past and future medical expenses, lost wages, and, as noted above, also seeks an award of punitive damages and attorneys' fees. (Amended Complaint, ¶¶ 26-31, and "Wherefore" paragraph of the Complaint).

7.

Accordingly, the amount in controversy exceeds $75,000 exclusive of interest and costs.  Pursuant to Pretka v. Kolter City Plaza II, Inc., 608 F. 3d 744, 770 (11th Cir. 2010), which allows the District Court to "draw on its judicial experience and common sense" in determining if a Complaint makes a plausible claim that satisfies the amount-in-controversy requirement, Defendants respectfully assert that the claimed injuries and damages of Plaintiff satisfies the amount-in-controversy requirement.  See also 28 U.S.C. § 1446(c)(2).

8.

This Notice is timely filed pursuant to 28 U.S.C. § 1446(b) and FED. R. CIV. P. 6(a).

9.

There is diversity of citizenship between Plaintiff and Defendants, who are not citizens of the State of Georgia. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Accordingly, the United States District Court for the Northern District of Georgia has original jurisdiction over the Action and removal to this Court is proper under 28 U.S.C. § 1441(a).

10.

This Notice of Removal to Federal Court is properly filed in the United States District Court for the Northern District of Georgia, Atlanta Division, because it is the district and division embracing the place where the Action is pending. 28 U.S.C. § 1441(A). Written notice of the Notice of Removal to Federal Court is being filed with the Clerk of the State Court of Gwinnett County, and served as required by 28 U.S.C. § 1446(d).

WHEREFORE, having shown that this case is properly removable, Defendants give notice pursuant to 28 U.S.C. § 1446(a) that the Action pending in the State Court of Gwinnett County, Georgia, Civil Action No. 21-C-07445-S5 is

removed to the United States District Court for the Northern District of Georgia,

Atlanta Division, and respectfully request that this Court exercise jurisdiction over

this case.

Respectfully submitted this 12th day of November, 2021.

HAWKINS PARNELL & YOUNG, LLP

303 Peachtree Street, NE
Suite 4000
Atlanta, GA  30303
Phone: 404.614.7400
Fax: 404.614.7500

William H. Major, III
Georgia Bar No. 466750
David H. Wilson
Georgia Bar No. 767774
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE and

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C

This is to certify that I have this day, served counsel for all parties in this action with a copy of the foregoing NOTICE OF REMOVAL TO FEDERAL COURT by depositing in the United States Mail, a copy of same in an envelope with adequate postage thereon, addressed as follows:

Michael E. Gumprecht, Esq.
The Gumprecht Law Firm
125 Townpark Drive #300
Kennesaw, GA 30144

I further certify pursuant to Rule 7.1 of the Local Rules for the Northern District of Georgia that this document has been prepared in "Times New Roman" font, 14 point, as required by Local Rule 5.1(C).

This 12th day of November, 2021.

HAWKINS PARNELL & YOUNG, LLP

William H. Major III
Georgia Bar No. 466750
David H. Wilson
Georgia Bar No. 767774
*Attorneys for Defendants*

303 Peachtree Street, NE
Suite 4000
Atlanta, GA 30303
Phone: 404.614.7400
Fax: 404.614.7500